FILED
United States Court of Appeals
Tenth Circuit

June 6, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

JERRY D. SELLERS,

     Plaintiff - Appellant,

v.

SAM CLINE, Warden, Hutchinson
Correctional Facility; RAY ROBERTS,
Secretary of Corrections for the State of
Kansas, in his official capacity; JACOB
FEARS; ISAAC BAKER; CHARLES
MITCHELL; STEPHEN JONES,

     Defendants - Appellees.

No. 15-3226
(D.C. No. 5:13-CV-03076-MLB)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **O'BRIEN**, and **GORSUCH**, Circuit Judges.
_____

Jerry Sellers, an inmate at a Kansas correctional facility, was assaulted in his

cell by two other prisoners during the evening shower rush. In response, Mr. Sellers

sued, alleging that four on-duty officers, the prison warden, and the state secretary of

corrections were responsible for the attack and violated his Eighth Amendment right

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

to be free from cruel and unusual punishment. But the district court dismissed his official-capacity claims against the warden and secretary as barred by the Eleventh Amendment. And it granted summary judgment to the four officers based on qualified immunity. Mr. Sellers asks us to reverse these holdings but we do not see how we might.

Take first the claims dismissed under the Eleventh Amendment. As the district court carefully explained, damage claims against state officers in their official capacity are generally barred by that amendment. Neither did Mr. Sellers allege any facts showing the existence of an ongoing constitutional violation or state a claim for prospective injunctive relief. To the contrary, Mr. Sellers admits that since the attack he has been transferred to a different correctional facility and satisfactorily placed in protective custody. Mr. Sellers identifies no error in the district court's analysis, and we adopt it as our own. *See Levy v. Kan. Dep't of Soc. & Rehab. Servs.*, 789 F.3d 1164, 1168-69 (10th Cir. 2015).

Turning to his claims against the individual officers, Mr. Sellers concedes on appeal that one of the officers, Isaac Baker, is entitled to qualified immunity. That leaves three: Charles Mitchell, Jacob Fears, and Stephen Jones. To prevail against these defendants, Mr. Sellers must show that they were deliberately indifferent to his safety because they knew of and consciously disregarded a substantial risk of harm. *See Farmer v. Brennan*, 511 U.S. 825, 828, 837 (1994).

This much Mr. Sellers has not shown. Officer Mitchell was tasked with operating the control panel that opened and closed the cell doors of inmates who

2

wished to use the showers. And it's true that he opened and closed the door to Mr. Sellers's cell a total of three times over the course of a few minutes, and that other inmates used this opportunity to attack Mr. Sellers. But the record also shows that Officer Mitchell was new to the job and was juggling the requests of up to twenty inmates to open their cells to allow them to shower. Significantly, before the district court Mr. Sellers did not dispute that Officer Mitchell didn't recognize that he had opened and closed his particular cell door three times.

The same is true when it comes to Officer Fears. Officer Fears was the first to become aware of the rumored attack and he took multiple steps in an attempt to guard against it, including warning Officer Mitchell not to open Mr. Sellers's cell and setting the control panel knob for that cell door to the "off" position. While he did leave Officer Mitchell unsupervised at the control panel, he did so only to report the threat to his shift commander, Captain Jones, and believed Mr. Sellers at that point to be safe in his cell. *See Farmer*, 511 U.S. at 844 ("[P]rison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted.").

As for Captain Jones, Mr. Sellers's concedes that he didn't learn of the threat until after the attack had already taken place. Instead, Mr. Sellers argues only that Captain Jones failed to ensure that his subordinate officers were adequately trained and following proper procedures. But absent any evidence that some action or policy promulgated by Captain Jones created the substantial risk of harm to Mr. Sellers, and

3

that Captain Jones was aware of and indifferent to that risk, Mr. Sellers again cannot prevail. *See Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010).

Beyond his challenges to the district court's Eleventh and Eighth Amendment rulings, Mr. Sellers also challenges the district court's denial of his motion for a preliminary injunction. But we see no abuse of discretion in the district court's determination that Mr. Sellers failed to establish his entitlement to the broad injunctive relief he seeks, and again adopt its careful reasoning as our own. Mr. Sellers separately argues that the district court erred in awarding attorney's fees to defendants, which is generally permitted only where the claims are found to be frivolous. But this claim of error seems instead a mistake of fact on the part of Mr. Sellers. For the district court made no award of attorney's fees but merely awarded defendants their costs as the prevailing parties. *See* Fed. R. Civ. P. 54.

The district court's judgment is affirmed. Mr. Sellers's motion to proceed *in forma pauperis* on appeal is granted. Nevertheless, he is required to pay all filing and docketing fees. Only prepayment of fees is waived, not the fees themselves. 28 U.S.C. § 1915(a)(1). Payment shall be made to the Clerk of the District Court.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge

4